IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **RESIDENCE PAPILLON LLC –** | § | |
| **MANSION CREEK, corporate successor to** | § | |
| **MIMEXAS 3 LLC,** | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| **THIRD COAST INSURANCE** | § | Removed from the 7th Judicial District |
| **COMPANY,** | § | Court of Smith County, Texas |
| | § | |
| *Defendant.* | § | |

**DEFENDANT THIRD COAST INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Defendant Third Coast Insurance Company ("Third Coast") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the 7th Judicial District Court of Smith County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division, and in support shows the Court as follows:

**I.   BACKGROUND**

1. On February 2, 2023, Plaintiff Residence Papillon LLC – Mansion Creek, corporate successor to Mimexas 3 LLC ("Mansion Creek" or "Plaintiff"), filed its Original Petition (the "Petition") in the 7th Judicial District Court of Smith County, Texas, Cause No. 23-0276-A (the "State Court Action"). A certified copy of the Petition is attached hereto as Exhibit D.

2. The State Court Action involves a first-party insurance coverage dispute in which Plaintiff asserts claims for property damage allegedly caused by and/or arising out of a hailstorm event occurring on or about April 14, 2021. *See* Ex. D. Specifically, Plaintiff alleges a violation of Chapter 541 of the Texas Insurance Code and breach of contract arising out of a claim it presented to Third Coast under the insurance policy Third Coast issued to Plaintiff. *Id*.

3. All of Plaintiff's causes of action arise under Texas law. *See* Ex. D. By way of its suit, Plaintiff seeks to recover its damages in the amount of $269,762.96 due to the alleged breach of contract, along with treble damages, attorneys' fees, costs of suit, and post judgment interest. *Id*.

4. Pursuant to Rule 11 of the Texas Rules of Civil Procedure, Plaintiff and Third Coast agreed that February 10, 2023, is to be considered the effective date of service. A true and correct copy of the Rule 11 agreement is attached hereto as Exhibit G. Therefore, Third Coast is timely filing this Notice of Removal within the thirty (30) day statutory time period for removal. 28 U.S.C. § 1446(b)(2)(B).

5. Third Coast has not yet filed an answer in the State Court Action. *See* Exs. C & D.

## II.   BASIS FOR REMOVAL

6. Third Coast files this Notice of Removal pursuant to 28 U.S.C. § 1441(b), which permits removal based on diversity jurisdiction. 28 U.S.C. § 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction. Those requirements are (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship. 28 U.S.C. § 1332(a). These two requirements are satisfied in this matter.

7. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441.

8. Accordingly, the district courts of the United States have original jurisdiction over this action based on complete diversity between parties, in that Third Coast is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff. Third Coast is neither now nor at the time the suit commenced, a citizen of the State of Texas.

9. There is no dispute that Plaintiff has alleged damages in excess of $75,000. *See* Ex. D.

10. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, Third Coast has properly removed this case to federal court.

### III.     ARGUMENTS AND AUTHORITIES

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Third Coast.**

11. Plaintiff is now and was at the time of filing a limited liability company organized under the laws of the State of Texas with its principal place of business in Texas. *See* Ex. D, ¶ 3. "[T]he citizenship of an LLC is the same as the citizenship of all of its members." *Harvey v. Grey Wolf Drilling*, Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Plaintiff's sole member is Mr. Ketil Dietrichson, and he is a citizen of either Texas,[1] New York,[2] and/or California.[3] Therefore, Plaintiff was at the time this lawsuit was filed, and is now, a citizen of either Texas, New York, and/or California, for diversity jurisdiction purposes.[4]

---

[1] According to its Certificate of Formation filed with the Texas Secretary of State on November 8, 2018, the principal place of business of "Residence Papillon, LLC" is "3302 Old Jacksonville Road, Tyler, Texas 75701." Moreover, Texas Secretary of State records also show Ketil Dietrichson is most recently listed as the sole member of the "Residence Papillon, LLC," and his address is listed as "625 Papillon Rd., Unit 24, Bullard, TX 75757." Further, the 2021 Texas Franchise Tax Public Information Report filed with the Texas Secretary of State for "Residence Papillon LLC" lists Mr. Dietrichson as the sole member of the LLC and lists his address as "625 Papillon Rd., Unit 24, Bullard, TX 75757." This report also lists the principal office and place of business as "3302 Old Jacksonville Rd., Tyler, TX, 75701." *See* Ex. H.

[2] According to its Certificate of Formation filed with the Texas Secretary of State in November 2018, the two initial managers of "Residence Papillon, LLC" are listed as "Ketil G. Deitrichson" and "Selima M. Deitrichson." The address for both individuals is listed as "37 Pryer Lane, Larchmont, New York 10538." *See* Ex. H. Moreover, the mailing address listed on the subject insurance policy's "Common Policy Declarations" page is "70 Magnolia Ave, Larchmont, NY 10538." *See* Ex. I. Further, a Westlaw PeopleMap Report (Basic), dated February 22, 2023, also lists the following previous addresses for Mr. Deitrichson: "70 Magnolia Ave., Larchmont, NY 10538" and "37 Pryer Lane, Larchmont, NY, 10538." *See* Ex. J.

[3] Per the Westlaw PeopleMap Report, Mr. Deitrichson's previous addresses include a number of California addresses, including "1147 6th St., Apt. 102, Santa Monica, CA, 90403," "338 E. 7th St., Long Beach, CA 90813," "822 E. 20th St., Long Beach, CA 90806," and "11970 Montana Ave., Apt. 301, Los Angeles, CA, 90049." *See* Ex. J.

[4] Third Coast identified Plaintiff's member from the Texas Secretary of State at https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-find.asp. (via SOSDirect). Additional information on Plaintiff's member (i.e., Mr. Deitrichson) was obtained through a Westlaw PeopleMap Report (Basic), obtained at

12. Third Coast is a foreign citizen. It is presently a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin and was a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin at the time this action was commenced. Pursuant to 28 U.S.C. § 1332(c), a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. Therefore, Third Coast was at the time this lawsuit was filed, and is now, a citizen of Wisconsin, for diversity jurisdiction purposes. As noted, Third Coast is the only defendant to the lawsuit.

13. Since Plaintiff is a citizen of Texas, New York, and/or California, and Third Coast is a citizen of Wisconsin, complete diversity of citizenship exists, making removal proper.

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

14. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15. Here, Plaintiff expressly states in its Petition that it seeks "monetary relief over $250,000" and "[j]udgment for damages due to Defendant's breach of contract, in the amount of $269,762.96." *See* Ex. D, ¶¶ 2, 16. Thus, based on the sum alleged in Plaintiff's own Petition, the amount in controversy exceeds $75,000.

16. Because the amount in controversy at the time of removal, exclusive of interests and costs, exceeds $75,000, the jurisdictional threshold is met, and removal is proper.

---

https://1.next.westlaw.com/Browse/Home/PublicRecords?transitionType=Default&contentData=(sc.Default).
Attached for the Court's reference as Exhibits H and J are true and correct copies of Texas Secretary of State filings and documents and certain pages of the Westlaw PeopleMap Report obtained on Plaintiff and its member. Per Rule 201(c)(2) of the Federal Rules of Evidence, Third Coast respectfully requests that the Court take judicial notice of the publicly available information obtained through the Texas Secretary of State and Westlaw regarding the identity and citizenship of Plaintiff's sole member, Mr. Deitrichson. *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (citing FED. R. EVID. 201(b)(2)).

### III.    CONCLUSION

17.    Because this action is wholly between citizens of different states, as described herein, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. As such, this removal action is proper.

18.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Texas, Tyler Division, as the district and division embracing the county in which the State Court Action is now pending.

19.    Pursuant to 28 U.S.C. § 1446(d), Third Coast, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal.

20.    Pursuant to 28 U.S.C. § 1446(d), Third Coast will promptly file a copy of this Notice of Removal with the Clerk of the 7th Judicial District Court of Smith County, Texas, where the State Court Action is currently pending.

21.    At the time of filing this Notice of Removal, upon information and belief, Plaintiff has not paid the requisite jury fee in the State Court Action.

22.    As required by 28 U.S.C. § 1446(a), as well as Eastern District of Texas Local Rule CV-81, a copy of each of the following are attached to (or filed contemporaneously with) this Notice of Removal:

- a list of all parties in the case, their party type, and current status of the removed case (Exhibit A);
- a civil cover sheet (Exhibit B);
- a certified copy of the state court docket sheet (Exhibit C);
- a copy of all pleadings that assert causes of action, and all answers to such pleadings (certified copy of Plaintiff's Original Petition filed in the State Court Action) (Exhibit D);

- a copy of all process and orders served upon the party removing the case (certified copy of letter requesting citation, certified citation, certified mail receipt, certified correspondence, certified citation served by certified mail in the State Court Action (Exhibit K);

- a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney (Exhibit E);

- a record of which parties have requested jury trial (None at this time); and

- the name and address of the court from which the case was removed (Exhibit F).

23. Third Coast reserves the right to supplement and/or amend this Notice of Removal. Moreover, Third Coast hereby reserves any and all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses.

**WHEREFORE**, Defendant Third Coast Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with this Court's local rules, prays that this action be removed from the 7th Judicial District Court of Smith County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division, for further proceedings and disposition, and prays that no further proceedings be had in this action in the 7th Judicial District Court of Smith County, Texas.

Dated: March 5, 2023.

Respectfully submitted,

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

By: */s/ Brannon C. Dillard*
    **Brannon C. Dillard**
    State Bar No. 24043634
    bdillard@shackelford.law
    **Stephen E. Holombek**
    State Bar. No. 24132190
    sholombek@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Telephone: (832) 415-1801
    Fax: (832) 565-9030

**ATTORNEYS FOR DEFENDANT THIRD COAST INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that I have caused to be delivered via the Court's electronic filing system, United States certified mail, return receipt requested, and/or e-mail a true and correct copy of the foregoing document to all counsel of record this 5th day of March, 2023.

Ronald D. Stutes, Esq.
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
rstutes@wilsonlawfirm.com

        */s/ Brannon C. Dillard*
        **Brannon C. Dillard**